UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:25-cv-09888-SSC                                      Date: February 13, 2026

Title       Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

|             Teagan Snyder              |              n/a               |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|:---:|:---:|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) **Order GRANTING Defendant's Motion to Dismiss and DENYING Defendant's Alternative Requests to Transfer or Stay (ECF 8), and GRANTING Plaintiff's Oral Motion for Jurisdiction Discovery**

    Alleging successor or alter ego liability, a collection agency seeks to hold Defendant All Season Power LLC liable for a judgment obtained against another entity in California state court.  Defendant, a Texas limited liability corporation, moves to dismiss the complaint for lack of personal jurisdiction.

    Because Plaintiff has failed to make a *prima facie* showing of jurisdictional facts, the motion is GRANTED and the complaint is dismissed without prejudice.  The Court GRANTS Plaintiff leave to amend its complaint and to conduct limited jurisdictional discovery.  The Court DENIES Defendant's motion in the alternative to transfer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-09888-SSC                              Date: February 13, 2026

Title   Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

venue to the Western District of Texas or to stay pending the resolution of its CEO's personal bankruptcy proceeding.

**I**

First an overview of the underlying dispute.[1] In November 2023, Plaintiff filed a lawsuit in Los Angeles Superior Court, *Creditors Adjustment Bureau v. Snow Joe, LLC, et al.*, Case No. 23BBCV02615. (ECF 1 at 11.) The underlying lawsuit concerned Snow Joe's breach of a settlement agreement. (ECF 12 at 5.) As a result, Plaintiff obtained a judgment against "Snow Joe, LLC aka Snow Joe LLC aka Snow Joe" for $137,629,991.39 on May 15, 2025. (ECF 1 at 11, 15–16.) It is that judgment that Plaintiff seeks to enforce through the current suit alleging a claim for successor liability and/or alter ego liability.

As to this suit, Plaintiff Creditors Adjustment Bureau, Inc., filed the complaint in Los Angeles County Superior Court on August 29, 2025. (*Id.* at 10.) It consists of a single claim for successor and/or alter ego liability against "All Season Power LLC aka All Season Power L.L.C. dba SnowJoe Logistics adba Snow Joe" and 20 Doe Defendants. (*Id.* at 11.)

Plaintiff alleges that Snow Joe conducts business under different business names, including All Season Power LLC (hereinafter referred to as Defendant) and SnowJoe Logistics, "to sell its products and to otherwise frustrate Plaintiff's collection efforts[.]" (*Id.*) And further alleges that Defendant is "an alter ego of and/or successor in interest to

---

[1] All facts are as alleged in the underlying complaint unless otherwise specified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-09888-SSC                                Date: February 13, 2026

Title     Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

Snow Joe in order to perpetrate a fraud" and that Snow Joe and Defendant "are so controlled by each other that it is impossible for the entities to be treated separately[.]"  (*Id.* at 12.)

To support this assertion, Plaintiff alleges the following: Joseph Cohen is "a founder, member, officer, director, stockholder, and/or Chief Executive Officer of both Snow Joe and [Defendant]"; both Snow Joe and Defendant are engaged in the same type of business; "the formation and/or transfer of business and assets from Snow Joe to Defendants was for the purpose of escaping liability of debt and/or the Judgment"; and the business decisions of Snow Joe and Defendant "are made by a common owner and/or sole proprietor and/or principal officer of the corporations, Joseph Cohen[.]"  (*Id.*)  Defendant was formed for the purpose of escaping liability of debt: it filed with the Texas Secretary of State on January 16, 2024, "less than six weeks after Snow Joe was served" with the complaint in *Creditors Adjustment Bureau v. Snow Joe, LLC, et al.*—the breach-of-settlement-agreement action that resulted in the multi-million dollar judgment that Plaintiff seeks to enforce.  (*Id.* at 11, 19.)  Defendant registered as an out-of-state limited liability corporation with the California Secretary of State on April 2, 2024.  (*Id.* at 11–12, 21.)

On October 15, 2025, Defendant timely removed this action to federal court based on diversity jurisdiction pursuant to 18 U.S.C. § 1332.  (ECF 1.)  Defendant now moves to dismiss for lack of personal jurisdiction and failure to state a claim pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.[2]  (ECF 8.)  Plaintiff

---

[2] Because the Court grants Defendant's motion to dismiss for lack of personal jurisdiction as detailed below, it does not address

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-09888-SSC                    Date: February 13, 2026

Title   Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

filed an opposition (ECF 12), and Defendant filed a reply (ECF 14). The Court held a hearing on the motion on January 8, 2026.

### II

A defendant may move to dismiss a complaint for lack of personal jurisdiction under Rule 12(b)(2). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (per curiam), *abrogated on other grounds as discussed in Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017). A district court must accept the uncontroverted allegations in the plaintiff's complaint as true, but "may not assume the truth of allegations in a pleading which are contradicted by affidavit[.]" *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Id.*

---

Defendant's argument that Plaintiff fails to state a claim under Texas successor and alter ego liability law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-09888-SSC | Date: February 13, 2026 |
| Title | Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al. | |

    Where, as here, there is no applicable federal statute governing personal jurisdiction, "the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." *Id.*; *see also* Cal. Code Civ. Proc. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). Jurisdiction comports with due process only if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation modified).

    The Supreme Court has recognized two types of personal jurisdiction: "'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017).

    "A court has general jurisdiction over a defendant only when the defendant's contacts with the forum state are so 'continuous and systematic as to render them essentially at home in the forum State.'" *LNS Enters., LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022) (citation modified) (quoting *Daimler AG v. Bauman*, 571 U.S 117, 127 (2014)).

    For a court to exercise specific jurisdiction, "the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers Squibb Co.*, 582 U.S. at 262 (citation modified) (emphasis in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-09888-SSC | Date: February 13, 2026 |
| Title | Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al. | |

original).  "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Id.* (citation modified).  "For this reason, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."  *Id.* (citation modified).

The Ninth Circuit has established a three-part test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)).

"The plaintiff bears the burden of satisfying the first two prongs of the test."  *Id.*  "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state."  *Id.*  "If the plaintiff succeeds in satisfying both of the first two prongs, the burden

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09888-SSC | Date: | February 13, 2026 |
| Title | Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al. | | |

then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (citation modified).

### III

Plaintiff has failed to allege facts to make a *prima facie* showing of general or specific personal jurisdiction over Defendant standing on its own.

As to general jurisdiction, Defendant argues (and Plaintiff does not dispute) that it is a Texas limited liability corporation with a principal place of business in Delaware that has "no offices, warehouses, or other facilities in California" and has no employees in California. (ECF 8 at 11.) The "paradigmatic circumstance for exercising general jurisdiction" is when the corporate defendant is incorporated or has its principal place of business in the forum state. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (explaining that "[a] corporation's continuous activity of some sorts within a state is generally not enough to support the demand that the corporation be amenable to suits unrelated to that activity" (citation modified)). *See also Grootonk v. Labrie Env't Grp., LLC*, No. 8:22-cv-01868-FWS-ADS, 2023 WL 5420299, at *3–5 (C.D. Cal. July 20, 2023) (finding "physical presence, California registration, and a California resident as CEO" insufficient to give rise to general jurisdiction over a limited liability company); *Allen v. Shutterfly*, No. 20-cv-02448-BLF, 2020 WL 5517170, at *3–4 (N.D. Cal. Sept. 14, 2020) (applying corporate general jurisdiction principles to a limited liability company and finding no general jurisdiction in California given its organization and principal place of business in Minnesota).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-09888-SSC | Date: February 13, 2026 |
| Title | Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al. | |

Further, Plaintiff's allegations that Defendant registered with the California Secretary of State shortly after incorporating, was transferred all Snow Joe assets, and has been selling Snow Joe branded merchandise since that time are not enough to show that Defendant's contacts with California are so "continuous and systematic" as to render it essentially at home in California. *See LNS Enters.*, 22 F.4th at 859; *Grootonk*, 2023 WL 5430299 at *4–5.

As to specific personal jurisdiction, Plaintiff's claims do not arise out of or relate to Defendant's California-related activities and thus are not case linked. *See Bristol-Myers Squibb Co.*, 582 U.S. at 262 ("The *suit* must arise out of or relate to the defendant's contacts with the *forum*." (citation modified) (emphasis in original)); *Schwarzenegger*, 374 F.3d at 802. Plaintiff points its allegation that Defendant registered its business with the California Secretary of State and in doing so, appointed a California agent for service of process for any California-based litigation. (ECF 12 at 9.) This act, however, does not relate to Plaintiff seeking to hold Defendant liable for the judgment obtained against Snow Joe, Defendant's alleged successor or alter ego, related to the underlying settlement agreement.

## IV

Plaintiff has also failed to allege facts to make a *prima facie* showing of personal jurisdiction over Defendant as a successor to, or alter ego of, Snow Joe. At the hearing on the motion, Defendant made clear that it did not contest that this Court would have personal jurisdiction over Snow Joe (presumably both general and specific), so the Court need only analyze the alleged facts tying Defendant to Snow Joe under these theories for purposes of personal jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09888-SSC | Date: | February 13, 2026 |
| Title | Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al. | | |

As above, where "there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs.*, 328 F.3d at 1129. Thus, the Court analyzes these issues under California law. *See Lefkowtiz v. Scytl USA*, No. 15-cv-05005-JSC, 2016 WL 537952, at *2–5 (N.D. Cal. Feb. 11, 2016) (applying the law of the forum state (California) to determine that plaintiff failed to make a *prima facie* showing that the court had personal jurisdiction over defendants predicated on successor liability); *Chang v. Cashman*, No. 22-cv-02010-AMO, 2024 WL 2941516, at *1–2 (N.D. Cal. June 11, 2024) (same); *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 364 F. Supp. 3d 1061, 1071, 1077–78, 1078 n.6 (N.D. Cal. 2019) (applying the law of the forum state (California) to determine that plaintiffs made a *prima facie* showing of personal jurisdiction based on their theories of successor and alter ego liability); *Riot Games, Inc. v. Suga PTE, Ltd.*, 638 F. Supp. 3d 1102, 1120 & n.3 (C.D. Cal. 2022) (applying the law of the forum state (California) to determine that plaintiff failed to make a *prima facie* showing of alter ego liability for the court to extend personal jurisdiction).

**A**

Plaintiff fails to make a *prima facie* showing that Defendant inherits Snow Joe's jurisdictional contacts as its successor.

**1**

Under California law, a court "will have personal jurisdiction over a successor company if (1) the court would have had personal jurisdiction over the predecessor[;] and (2) the successor company effectively assumed the subject liabilities of the predecessor."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-09888-SSC                Date: February 13, 2026

Title    Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

*Lefkowtiz*, 2016 WL 537952, at *3 (N.D. Cal. Feb. 11, 2016) (citing *CenterPoint Energy, Inc. v. Superior Court*, 157 Cal. App. 4th 1101, 1120 (2007)).  "A successor company assumes liability for a predecessor's liabilities if: (1) the successor expressly or impliedly agrees to assume the subject liabilities; (2) the transaction amounts to a consolidation or merger of the successor and the predecessor (*de facto* merger); (3) the successor is a mere continuation of the predecessor; or (4) the transfer of assets to the successor is for the fraudulent purpose of escaping liability for the predecessor's debts."  *Id.*, at *4 (citing *Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (1977)); *see also Chang*, 2024 WL 2941516, at *1.  A plaintiff need only make a *prima facie* showing of jurisdiction based on a successor liability theory.  *See Lefkowtiz*, 2016 WL 537952, at *3, 5 (N.D. Cal. Feb. 11, 2016); *Successor Agency to Former Emeryville Redevelopment Agency*, 364 F. Supp. 3d at 1071 (N.D. Cal. 2019).

**2**

Plaintiff clarified during the motion hearing that its complaint alleges successor liability under a mere continuation theory or a fraud theory, or both.  The Court will address each theory in turn.

First, Plaintiff has failed to make a *prima facie* showing of personal jurisdiction under a mere continuation theory.  To show that a successor is a mere continuation of a predecessor, California courts require evidence of: "(1) a lack of adequate consideration for acquisition of the former corporation's assets to be made available to creditors, or (2) one or more persons were officers, directors, or shareholders of both corporations."  *Reno-Tahoe Specialty, Inc. v. Mungchi, Inc.*, 468 F. Supp. 3d 1236, 1241 (C.D. Cal. 2020) (citing *Katzir's Floor & Home Design v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-09888-SSC | Date: February 13, 2026 |
| Title | Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al. | |

*M-MLS.com*, 394 F.3d 1143, 1150 (9th Cir. 2004)). "Although these factors are presented in the disjunctive, inadequate consideration is an essential ingredient to a finding that one entity is a mere continuation of another," and "common officers and shareholders alone are insufficient to establish a mere continuation." *Id.* (citation modified). Because Plaintiff does not plead facts supporting a lack of adequate consideration, Plaintiff fails to make a *prima facie* showing under a mere continuation theory.

Second, Plaintiff has failed to make a *prima facie* showing of personal jurisdiction under a fraud theory because its complaint contains only conclusory statements of fraud.[3]  *See Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Wilson v. Metals USA, Inc.*, No. CIV. S-12-0568 LKK/GGH, 2012 WL 4888477, at *11–12 (E.D. Cal. Oct. 12, 2012) (granting defendant's motion to dismiss, without prejudice and with leave to conduct

---

[3] Neither party addresses the appropriate pleading standard for alleging a fraud theory of successor liability.  If any future motion is filed, the parties should clarify whether the general notice pleading standard under Rule 8(a) or the heightened pleading standard for fraud under Rule 9(b) applies.  Fed. R. Civ. P. 8(a) & 9(b).  Regardless, Plaintiff's complaint fails to satisfy even the more lenient standard under Rule 8(a).  *See Branzell v. Cal. Cryobank LLC*, 480 F. Supp. 3d 1080, 1086 (C.D. Cal. 2020) (applying Rule 8(a)(2)'s requirements to plaintiff's allegations of successor liability); *Pac. Rollforming, LLC v. Trakloc Int'l, LLC*, No. 07cv1897-L(JMA), 2008 WL 4183916, at *3 (S.D. Cal. Sept. 8, 2008) (same).

Case 2:25-cv-09888-SSC Document 20 Filed 02/13/26 Page 12 of 20 Page ID #:190

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09888-SSC                                      Date: February 13, 2026

Title      Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

discovery, because plaintiffs did not meet *Iqbal*'s pleading requirements with respect to the predecessor's alleged fraud, and thus failed to state a claim for successor liability); Fed. R. Civ. P. 8(a)(2). "Courts often analyze factors such as the sufficiency of the consideration given for the sale, the insufficient assets of the selling company, or the intent of the purchaser or seller involved in the sale to avoid liability to determine whether the transaction was fraudulent." *Daewoo Elecs. Am. Inc. v. Opta Corp.*, No. C 13-1247 JSW, 2013 WL 3877596, at *7 (N.D. Cal. July 25, 2013) (citing *Ferguson v. Arcata Redwood Co.*, No. C03-05632 SI, 2004 WL 2600471, at *5 (N.D. Cal. Nov. 12, 2004) (finding that plaintiff failed to plead any facts in support of these factors to justify a fraudulent transaction claim under successor liability) and *Atchison, Topeka and Santa Fe Ry. Co. v. Brown & Bryant, Inc.*, 159 F.3d 358, 365 (9th Cir. 2007) (as amended Oct. 14, 1998)).

Plaintiff's complaint does not plead facts in support of these factors. Plaintiff's conclusory allegation that Defendant is a "successor in interest to Snow Joe in order to perpetrate a fraud and/or to accomplish other wrongful and inequitable purposes" (ECF 1 at 12) is insufficient under Rule 8(a)(2).

### B

Plaintiff fails to make a *prima facie* showing that Defendant inherits Snow Joe's jurisdictional contacts as its alter ego.

### 1

"For a Court to extend personal jurisdiction over a parent company using alter ego liability, the plaintiff need only make a prima

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09888-SSC                              Date: February 13, 2026

Title      Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

facie showing." *Riot Games, Inc.*, 638 F. Supp. 3d at 1120 (citing *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996)); *see also Television Events & Mktg., Inc. v. AMCON Distrib., Co.*, 484 F. Supp. 2d 1124, 1142 (D. Haw. 2006) ("[T]he Court recognizes that the standard for personal jurisdiction under an alter ego theory is lower than the standard for liability under an alter ego theory[.]" (citation omitted)).

Under California law, a plaintiff must show that "(1) there is such a unity of interest that the separate personalities of the corporations no longer exist; and (2) inequitable results will follow if the corporate separateness is respected." *See, e.g., Zoran Corp. v. Chen*, 185 Cal. App. 4th 799, 811 (2010). In determining whether there is a sufficient unity of interest, California courts analyze several factors, which include commingling of funds, the holding out by one entity that it is liable for the debts of another, identical ownership of the entities, use of the same office and employees, the use of a corporation as a mere shell or conduit, undercapitalization, disregard of legal formalities, the confusion of the records of separate entities, and identical directors and officers. *Id.* at 811–12 (enumerating a "long list" of non-exhaustive factors).

2

Plaintiff has not alleged sufficient facts to make a *prima facie* showing. Plaintiff alleges that Joseph Cohen is "a founder, member, officer, director, stockholder, and/or Chief Executive Officer of both Snow Joe and [Defendant]" and that the business decisions of Snow Joe and Defendant "are made by a common owner and/or sole proprietor and/or principal officer of the corporations, Joseph Cohen[.]" (ECF 1 at 12.) Such allegations speak to the factors regarding identical ownership

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09888-SSC                              Date: February 13, 2026

Title      Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

of the entities and identical directors and officers. However, "total ownership and shared management personnel are alone insufficient to establish the requisite level of control to meet the first prong." *Riot Games, Inc.*, 638 F. Supp. 3d at 1121 (citation modified). Because Plaintiff does not allege facts relevant to any other unity of interest factors, the Court finds Plaintiff's complaint insufficient to demonstrate a unity of interest between Defendant and Snow Joe. Plaintiff fails to make a *prima facie* showing that Defendant is subject to personal jurisdiction as Snow Joe's alter ego.

***

Accordingly, the Court finds that Plaintiff fails to make a *prima facie* showing of jurisdictional facts, GRANTS Defendant's motion, and dismisses the complaint without prejudice and with leave to amend.

## C

At oral argument on January 8, 2026, Plaintiff made an oral motion for jurisdictional discovery in the event that the complaint was dismissed.

"Discovery is available in federal court to establish the presence of personal jurisdiction in that court." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001) (citations omitted). Jurisdictional discovery is particularly appropriate when "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (citation modified).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09888-SSC                              Date: February 13, 2026

Title      Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

     Here, although Plaintiff fails to make a *prima facie* showing of personal jurisdiction, Plaintiff presents a "colorable basis" for jurisdiction. *See Doe v. Nassar*, No. 8:18-cv-01117-JLS-KESx, 2018 WL 6430543, at *3 (C.D. Cal. Aug. 2, 2018) ("Although a plaintiff need not make out a *prima facie* case of personal jurisdiction before it can obtain jurisdictional discovery, the plaintiff must present a colorable basis for jurisdiction, or some evidence constituting a lesser showing than a *prima facie* case." (citation modified)); *see also Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit . . . discovery[.]"); Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."); *Wilson*, 2012 WL 4888477, at *12 (granting motion to dismiss for failure to state a claim for successor liability but allowing plaintiffs to conduct "limited, reasonable, tailored discovery into the course of dealings between [defendant (and any subsidiary) and alleged predecessors] . . . in support of its allegations of successor liability"). Thus, the Court GRANTS the oral motion.

## V

     Alternatively, Defendant argues that the Court should transfer this case to the Western District of Texas. (ECF 8 at 22–25.) The Court disagrees.

     "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Courts have discretion to adjudicate motions for transfer on an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-09888-SSC                                   Date: February 13, 2026

Title     Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

    First, the moving party must establish that the matter "might have been brought" in the district to which transfer is sought, which requires demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper. *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). Second, courts consider the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Id.*; 28 U.S.C. § 1404(a). In analyzing the third factor, courts consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Metz*, 674 F. Supp. 2d at 1145 (citation modified).

    Although the matter could have been brought in the Western District of Texas because the district court has diversity jurisdiction and Defendant is a Texas limited liability corporation, *see id.*, the Court denies Defendant's motion after weighing the factors enumerated in *Metz*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09888-SSC                                   Date: February 13, 2026

Title   Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

The Court does not find that the convenience of the parties or the witnesses weighs in favor of or against transfer. In considering whether transfer serves the interests of justice, the Court gives significant weight to the fact that the judgment that Plaintiff, a California corporation, seeks to enforce against Defendant was obtained in California state court. (ECF 1 at 11, 15–16.) Plaintiff chose to bring this suit in California, and this Court is familiar with the California law applicable to its claims. Accordingly, Defendant's motion to transfer the matter is DENIED.

## VI

Defendant also requests a stay of this case pending the outcome of the bankruptcy proceedings of Joseph Cohen. (ECF 8 at 25–26.) As Defendant recognizes, an automatic bankruptcy stay generally does not extend to the property of non-debtors. (*Id.* at 25 (citing *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (explaining that 11 U.S.C. § 362(a) does not stay actions against corporate affiliates)).)

"The district court possesses inherent authority to stay federal proceedings pursuant to its docket management powers." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (citation modified). There are three "non-exclusive factors" courts must weigh when deciding whether to issue a docket-management stay: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Id.* (citation modified).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09888-SSC                              Date: February 13, 2026

Title   Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

Because Joseph Cohen is not a party to this litigation, this case is not automatically stayed, and the Court declines to stay this case pursuant to its docket-management powers. *See id.* Accordingly, Defendant's motion to stay is DENIED.

## VII

A final matter remains to be addressed regarding the attorneys' duty under Rule 11 of the Federal Rules of Civil Procedure to ensure that "legal contentions are warranted by existing law[.]" Fed. R. Civ. P. 11(b)(2). Both parties cited a non-existent case in their briefs.

Specifically, after Plaintiff's opposition and Defendant's reply were filed, Plaintiff's counsel filed a declaration providing that "certain quoted material set forth in Plaintiff's brief . . . [wa]s not accurate, and in one instance, from a non-existent case." (ECF 15 at 2.) The declaration identified four false citations comprising one non-existent case and three non-existent quotes from real cases. (*Id.*) Plaintiff's counsel further declared that "[i]t appears that some legal research that was done on this case relied upon artificial intelligence and resulted in these phantom quotes and citations." (*Id.*)

Defendant's counsel subsequently filed a declaration providing that "one of the same erroneously cited cases was also referenced [in Defendant's reply.]" (ECF 17 at 2.) Counsel for Defendant further declared that "[t]his error was inadvertent and was not related to any AI usage by Defendant's counsel." (*Id.*) In other words, they merely followed Plaintiff's counsel over the cliff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09888-SSC                                       Date: February 13, 2026

Title        Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

    The Court certainly does not insist on candlelight in this age of electricity. Using compute power to find the holding in the haystack is essential.

    But counsel would do well to remember that "[a]t the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (per curiam); *see also Dodge v. FirstService Residential Ariz. LLC*, No. CV-24-01550-PHX-SMM, 2025 WL 3653164, at *3 (D. Ariz. Dec. 17, 2025) ("Throughout the federal district courts, sanctions under Rule 11 for citations to non-existent case law and misrepresented holdings have included monetary sanctions, CLE sanctions, reasonable attorney fees and costs to opposing counsel, and referral to disciplinary authorities (or a combination thereof)." (collecting cases)); *c.f.* L.R. 83-3.1.2 (requiring that attorneys be familiar with and comply with the standards of professional conduct required of members of the State Bar of California); Cal. Rules of Prof'l Conduct R. 3.3 (2025) (providing that lawyers have a duty of candor to the tribunal and prohibiting a lawyer from knowingly making a false statement of law).

    Perhaps due to the asynchronous Thelma and Louise, neither side requests sanctions. Still, the parties are warned that further reliance on synthetic citations will warrant them.

## VIII

    In sum, the Court GRANTS the motion to dismiss the complaint for lack of personal jurisdiction. The action is dismissed without prejudice and with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09888-SSC                                Date: February 13, 2026

Title      Creditors Adjustment Bureau, Inc. v. All Season Power LLC, et al.

      The Court GRANTS Plaintiff's request for jurisdictional discovery. Plaintiff may conduct discovery to support its successor and alter ego theories of personal jurisdiction for 90 days from the issuance of this Order. Plaintiff's failure to file a First Amended Complaint after 90 days of jurisdictional discovery will result in dismissal with prejudice.

**IT IS SO ORDERED.**

                                                                                             :

Initials of Preparer     **ts**